ROBERT E. BELSHAW (SBN 142028)
OF COUNSEL
GUTIERREZ & ASSOCIATES
244 California St. Ste. 300
San Francisco, California 94111
Telephone: (415) 956-9590
Facsimile: (415) 986-8606

Attorneys for Plaintiff
American Small Business League

MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Defendant
DEPARTMENT OF DEFENSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, <br><br> Defendant. | No. C 11-1672 EMC <br><br> **STIPULATION AND [PROPOSED] ORDER RE SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

    Plaintiff AMERICAN SMALL BUSINESS LEAGUE ("Plaintiff") and Defendant DEPARTMENT OF DEFENSE ("Defendant"), by and through their undersigned counsel, hereby enter into this Stipulation and [Proposed] Order Re Settlement and Dismissal With Prejudice (the "Stipulation") as follows:

    1.    Defendant shall pay to Plaintiff the amount of one thousand five hundred forty

STIPULATION AND [PROPOSED] ORDER RE SETTLEMENT AND DISMISSAL WITH PREJUDICE
C 11-1672 EMC

U.S. dollars and zero cents ($1,540.00) in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA") in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer, and Plaintiff's counsel will provide the necessary information to Defendant's counsel to effectuate the transfer. Defendant will make all reasonable efforts to make payment within thirty (30) days of the date that Plaintiff's counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that time frame.

2. Upon the execution of this Stipulation, Plaintiff hereby releases and forever discharges Defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA request on which this action is based or any other matter alleged in the Complaint, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, the Stipulation shall be

1  and remain effective notwithstanding such material difference.

2      4.    Execution of this Stipulation and its approval by the Court shall constitute
3  dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

4      5.    The parties acknowledge that this Stipulation is entered into solely for the purpose
5  of settling and compromising any remaining claims in this action without further litigation, and it
6  shall not be construed as evidence or as an admission on the part of Defendant, the United States,
7  its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or
8  validity of any allegation or claim raised in this action, or as evidence or as an admission by the
9  Defendant regarding Plaintiff's entitlement to attorneys' fees or other litigation costs under
10 FOIA. This Stipulation shall not be used in any manner to establish liability for fees, amounts, or
11 hourly rates in any other case or proceeding involving Defendant.

12     6.    This Stipulation is binding upon and inures to the benefit of the parties hereto and
13 their respective successors and assigns.

14     7.    If any provision of this Stipulation shall be held invalid, illegal, or unenforceable,
15 the validity, legality, and enforceability of the remaining provisions shall not in any way be
16 affected or impaired thereby.

17     8.    This Stipulation shall constitute the entire agreement between the parties, and it is
18 expressly understood and agreed that this Stipulation has been freely and voluntarily entered into
19 by the parties hereto. The parties further acknowledge that no warranties or representations have
20 been made on any subject other than as set forth in this Stipulation.

21     9.    The persons signing this Stipulation warrant and represent that they possess full
22 authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

23     10.    This Stipulation may not be altered, modified or otherwise changed in any respect
24 except in writing, duly executed by all of the parties or their authorized representatives.

25 //
26 //
27 //
28 //

11. This Stipulation may be executed in counterparts and is effective on the date by which both parties' counsel have executed the Stipulation.

SO STIPULATED AND AGREED.

DATED: 7-14-11        By: _____
                          ROBERT E. BELSHAW
                          Attorney for Plaintiff


MELINDA HAAG
United States Attorney

DATED: 7/18/11        By: _____
                          NEILL T. TSENG
                          Assistant United States Attorney
                          Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED:
                          _____
                          HONORABLE EDWARD M. CHEN
                          UNITED STATES DISTRICT JUDGE